*Exhibit A*

FILED
9/22/2015 11:54:35 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

Case 5:15-cv-00836-XR   Document 1-1   Filed 09/24/15   Page 2 of 12

CAUSE NO.: 2015CI09167

| | | |
|---|---|---|
| JAMES WILLIAMS, CHRISTI WILLIAMS, AND SHELBY WILLIAMS | § § § § | IN THE DISTRICT COURT |
| v. | § § | 225th JUDICIAL DISTRICT |
| BLT LOGISTICS, INC. AND GURMINDER SINGH BAHY | § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, James Williams, Christi Williams, and Shelby Williams ("Plaintiffs"), and complain of BLT Logistics, Inc. and Gurminder Singh Bahy (together, "Defendants") and would respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

2. Plaintiffs are individuals residing in Bexar County, Texas.

3. Defendant BLT Logistics, Inc., is a California corporation doing business in the State of Texas and has been served with process. No further services is required at this time.

4. Defendant Gurminder Singh Bahy ("Bahy"), is an individual residing in Elk Grove, Sacramento County, California and has been served with process. No further services is required at this time.

## III.
## JURISDICTION & VENUE

5. Venue is proper in Bexar County, Texas pursuant to § 15.002(a)(1) of the Texas Civil Practice & Remedies Code, because the incident which forms the basis of this lawsuit occurred in Bexar County, Texas.

6. This Court has jurisdiction over the parties named herein because Defendants regularly conduct business in this State. Plaintiffs further plead, to the extent applicable, that jurisdiction over any Defendant not found to be a resident and citizen of the State of Texas is still proper pursuant to the forum defendant rule, 28 U.S.C. § 1441(b).

7. The Court further has jurisdiction over these claims because the amount in controversy is within the jurisdictional limits of this Court.

## IV.
## FACTS

8. On October 5, 2014, Plaintiffs were traveling east on Bandera Road in San Antonio, Texas in a black 2009 Toyota Camry. As Plaintiffs reached the intersection of Bandera Road and Texas State Highway Loop 1604, Plaintiffs made a left-hand turn onto Loop 1604 and were struck by a tractor-trailer driven by Gurminder Singh Bahy ("Defendant Bahy'). At the time of the collision, Defendant Bahy was also making a left-hand turn in the inside lane adjacent to Plaintiffs, when he failed to maintain a single lane of travel and struck Plaintiffs' vehicle. At all times relevant, Defendant Bahy was operating the tractor-trailer while in the course and scope of employment with BLT Logistics, Inc. ("Defendant BLT Logistics"). Moreover, Defendant Bahy was operating the vehicle with the permission and/or consent of Defendant BLT Logistics, and the tractor-trailer was owned and operated by Defendant BLT Logistics. As a result of this

collision, Plaintiffs sustained severe and permanent injuries to their bodies, as more fully set forth below.

## V.
## CAUSES OF ACTION

9. The collision made the basis of this suit and the resulting injuries and damages to Plaintiffs were proximately and directly caused by the negligent conduct of the Defendants.

10. Defendant Bahy operated the tractor-trailer in a negligent manner and violated the duty which he owed the Plaintiffs to exercise ordinary care in the operation of the tractor-trailer in one or more of the following respects:

    a.    in driving his vehicle at a rate of speed greater than that which an ordinary person would have driven under the same or similar circumstances, in violation of Texas Transportation Code §545.351;

    b.    in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

    c.    in failing to turn his vehicle in an effort to avoid the collision in question;

    d.    in failing to drive defensively to avoid the collision;

    e.    in failing to make safe decisions while driving;

    f.    in failing to blow his horn to warn of imminent collision;

    g.    in failing to maintain a single lane; and

    h.    in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiffs, in violation of Texas Transportation Code §545.401.

11. Defendant Bahy's conduct also constitutes *negligence per se*, as a result of violations of the above provisions of the Texas Transportation Code.

12.     Defendant BLT Logistics is liable under the doctrine of *respondeat superior* in that Defendant Bahy was operating the tractor-trailer while in the course and scope of his employment with Defendant BLT Logistics and/or with Defendant BLT Logistics's permission and/or consent.

13.     Additionally, Defendant BLT Logistics was negligent in one or more of the following respects:

    a.      Negligent hiring of Defendant Bahy ;

    b.      Negligent entrustment of a vehicle to Defendant Bahy ;

    c.      Negligence in failing to ensure adequate driver qualifications;

    d.      Negligent training and supervision of Defendant Bahy; and

    e.      Negligent retention of Defendant Bahy.

14.     Plaintiffs would further show that the Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs.  Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiffs, as well as others similarly situated.

15.     The acts and/or omissions on the part of the Defendants constitute malice and/or gross negligence as that term is defined in §41.001(7) and §41.001(11) of the Civil Practice and Remedies Code, in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

16. The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence, and malice and were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VI.
## DAMAGES

17. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff James Williams suffered severe and permanent bodily injuries to his back, as well as to his body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused his physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause him to suffer consequences and ill effects of this deterioration throughout his body into the future. The Plaintiff has also suffered great physical and mental pain, suffering and anguish and in all reasonable probability will continue to suffer in this manner into the future, if not for the balance of his natural life.

18. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff James Williams was caused to incur the following damages:

   a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county in which they were incurred;

   b. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past;

    d.    Physical pain and suffering, which will in all reasonable probability be suffered in the future;

    e.    Physical impairment and disability in the past;

    f.    Physical impairment and disability which will in all reasonable probability be suffered in the future;

    g.    Mental anguish in the past;

    h.    Mental anguish which will in all reasonable probability be suffered in the future;

    i.    Physical disfigurement in the past, which will in all reasonable probability be suffered in the future.

    j.    Lost wages in the past, present and future; and

    k.    Loss of earning capacity, which will in all reasonable probability be incurred in the future.

19. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Christi Williams suffered severe and permanent bodily injuries, including but not limited to her back, right shoulder, neck, and head, as well as to other parts of her body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have in turn caused her physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout her body into the future, if not for the balance of her natural life. This Plaintiff has also suffered great physical and mental pain, suffering, and anguish and in reasonable probability will continue to suffer in this manner into the future, if not for the balance of her natural life.

20. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Christi Williams was caused to incur the following damages:

a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county in which they were incurred;

b. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering, which will in all reasonable probability be suffered in the future;

e. Physical impairment and disability in the past;

f. Physical impairment and disability, which will in all reasonable probability be suffered in the future;

g. Mental anguish in the past;

h. Mental anguish, which will in all reasonable probability be suffered in the future;

i. Physical disfigurement in the past, which will in all reasonable probability be suffered in the future.

j. Lost wages in the past, present, and future; and

k. Loss of earning capacity, which will in all reasonable probability be incurred in the future.

21. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Shelby Williams suffered severe and permanent bodily injuries to her back, shoulders, chest, and head, as well as to her body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused her physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill

effects of this deterioration throughout her body into the future, if not for the balance of her natural life. The Plaintiff has also suffered great physical and mental pain, suffering and anguish and in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of her natural life.

22. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Shelby Williams was caused to incur the following damages:

- a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county in which they were incurred;

- b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

- c. Physical pain and suffering in the past;

- d. Physical pain and suffering, which will in all reasonable probability be suffered in the future;

- e. Physical impairment and disability in the past;

- f. Physical impairment and disability, which will in all reasonable probability be suffered in the future;

- g. Mental anguish in the past;

- h. Mental anguish, which will in all reasonable probability be suffered in the future;

- i. Physical disfigurement in the past, which will in all reasonable probability be suffered in the future.

23. As a result, the damages sought by Plaintiffs are in excess of one million dollars ($1,000,000.00).

## VII.
## INTEREST

24. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

25. Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURES

26. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, the Defendants are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of Rule 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

27. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## PRAYER

Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon final hearing of this cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for actual compensatory damages and exemplary damages, in an amount within the jurisdictional limits of this Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment


interest at the legal rate, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

        Respectfully Submitted,

        THE LAW OFFICE OF THOMAS J. HENRY
        521 Starr Street
        Corpus Christi, Texas 78401
        Tel. (361) 985-0600
        Fax. (361) 985-0601

By _____
        Thomas J. Henry
        State Bar No. 09484210
        Alan Dale Hicks
        State Bar No. 09575430
        *Email:dhicks-svc@thomasjhenrylaw.com
        **ATTORNEYS FOR PLAINTIFF**

        *Service by email to this email address only.

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument, Plaintiffs' First Amended Original Petition, was served in accordance with the Texas Rules of Civil Procedure on all counsel of record on this 22 day of September, 2015.

**_VIA FASCMILE_: (888) 255-0132**
Castagna Scott, L.L.P.
Lynn S. Castagna
Stephen P. Bega
Steven B. Loomis
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746

_____
Dale Hicks